LON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Claire Russell Deslatte, to sit for the Louisiana Bar Examination based on character and fitness concerns relating to her delinquent debt. We subsequently granted petitioner permission to sit for the bar exam, with the provision that upon passing the exam, she file a brief, supported by appropriate documentary evidence, explaining the details of the delinquent financial matters.[1]
Petitioner thereafter successfully passed the essay portion of the bar exam, and she filed the brief requested by the court, asserting that she had addressed her outstanding debts by settlement or by payment arrangement. Before we considered the brief, an anonymous letter was sent to the Committee and the court which reported various complaints about petitioner related to her association with the district *1245 attorney’s office where she had been employed. By letter dated October 27, 2005, the Committee advised petitioner that it would decline to certify her character and fitness to this court “based upon new information which brings into question your honesty and integrity,” referring to the allegations raised by the anonymous letter. On the same date, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the | ^Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in February 2006, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received documentary evidence and heard testimony given by petitioner and her witnesses. At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After reviewing the evidence and considering the law, we conclude petitioner, Claire Russell Deslatte, is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of two years. Should petitioner commit any misconduct during the period of probation, her conditional right to practice may be terminated or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.
JOHNSON, J., dissents and assigns reasons.

. In re: Deslatte, 05-1834 (La.7/14/05), 905 So.2d 1085.